# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

## APPLICATION FOR A WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. § 2254
### BY A PERSON IN STATE CUSTODY

FILED

2012 APR -9 A 9: 23
U.S. DISTRICT COURT
BRIDGEPORT, CONN

William Smith 14363 ____, Petitioner,
**Full Name and Prisoner Number**

Osborn Corr. Inst. ____
**Complete Prison Address (Place of Confinement)**

335 Bilton RD ____

Somers CT, 06071 ____

Case No. _3:12CV529(JBA)_
(To be supplied
by the Court)

v.

Carol Chapadelain ____, Respondent,
(Name of Warden or authorized person
having custody of petitioner)
(Do not use *et al.*)

and

_____, Additional Respondent.
(List additional persons having custody
of petitioner, if any)

Note: If the applicant is challenging a judgment which imposed a sentence to be served in the future, applicant must fill in the name of the state where the judgment of conviction was entered. If the applicant has a sentence to be served in the future under a federal judgment, which he/she wishes to challenge, he/she should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.

## CONVICTION BEING CHALLENGED

1) Name and location of the court which entered the judgment of conviction you are challenging ___Bridgeport Superior Court 172 Golden Hill___

    ___Street Bridgeport CT, 06604___

2) Date judgment of conviction was entered ___January 19, 1998.___

3) Case number (in state court) ___31, 927-J.D.___

4) Type and length of sentence imposed ___(60) Years___

5) Nature of the offense involved (all counts) ___(1) CT of Murder C.G.S. 53a-54(a)___ ___and (1) CT of Conspiracy to Commit Murder 53a-48-53a-54a(a).___

6) What was your plea? (check one)
   Not Guilty _x_  Guilty ___  Nolo Contendere ___

7) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to:
   ___Non Applicable___

8) If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement ___Non Applicable___

9) Kind of trial (check one)   Jury _x_ Judge only ___

10) Did you testify at trial?  Yes _x_  No ___

Rev. 9/23/08

2

## DIRECT APPEAL

11)   Did you appeal from the judgment of conviction?      Yes _x_ No __

12)   If you did not appeal, explain briefly why you did not: ____ Non Applicable ____

_____

(a)   Did you seek permission to file a late appeal? Yes __ No _x_

13)   If you did appeal, answer the following:

(a)   Name of court: Connecticut Appellate Court _____

(b)   Docket number (if you know): _____

(c)   Result (attach a copy if you have one): Denied _____

(d)   Date of result (if you know): _____

(e)   Citation to the case (if you know): State v. Smith 212 Conn. 593 (1998)

(f)   Grounds raised: Ineffective Assistance of Counsel,
Prosecutorial Misconduct, Insufficency of Evidence,
Illegal Supression of Evidence, Subornation of Perjury
Evidence Tampering, Illegal Application of the Murder
Statute, _____

_____

14)   If your appeal was denied by the Connecticut Appellate Court, did you file a
petition for certification with the Connecticut Supreme Court?   Yes _x_ No ___

15)   If you sought certification, answer the following:

(a)   Date of decision (if you know): _____

(b)   Citation to the case (if you know): _____

(c)   Grounds raised (or attach a copy of the petition for certification if you have

one): _____ Do Not Recall, Please Refer to office of
the public Defender _____

16).   Did you file a petition for certiorari in the United States Supreme Court?
Yes_____ No _x_

If yes, answer the following:

(a)   Docket number (if you know): _____

(b)   Result: _____

_____

(c)   Date of result (if you know): _____

(d)   Citation to the case (if you know): _____

(e)   Grounds raised: _____

_____

_____

_____

_____

## POST-CONVICTION PROCEEDINGS

17)   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any state court?      Yes _x_ No __

18)   If your answer to Question 17 was "Yes," give the following information:

(a)   FIRST petition, application or motion.

(1)   Name of court: Rockville Superior Court

(2)   Docket number (if you know): CV-09-0000748

(3)   Nature of proceeding: Petition for Writ of Habeas Corpus

(4)   Grounds raised: *Please refer to the office of the Public Defender.*

(5)   Did you receive an evidentiary hearing on your petition, application or motion? Yes _x_ No __

(6)   Result: Denied

(7)   Date of result (if you know): _____

(8)   Did you appeal the result to the highest state court having jurisdiction? Yes _x_ No __

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)

Connecticut Appellate Court. / Denied

(9)   If you did not appeal, briefly explain why you did not: Non Applicable

Rev. 9/23/08                                                5

(10)   If your appeal was decided by the Connecticut Appellate Court, did you file a petition for certification to appeal the decision to the Connecticut Supreme Court? Yes _x_ No ___

(11)   If you sought certification, give the citation and date of the court's decision or attach a copy of the decision.  Also attach a copy of the petition for certification or list the issues for which certification was sought.

_Please refer to the office of the Public_

_defender_

(b)  As to any SECOND petition, application or motion, give the following information:

(1)    Name of court:  Rockville Superior Court

(2)    Docket number (if you know): cv-0♦-0003428

(3)    Nature of proceeding:  Petition for Writ of Habeas Corpus

(4)    Grounds raised:  _Please refer to the off of the_

_Public defender_

(5)    Did you receive an evidentiary hearing on your petition, application or motion? Yes _x_ No __

(6)    Result: Denied

(7)    Date of result (if you know): _____

(8)    Did you appeal the result to the highest state court having jurisdiction? Yes _x_ No __

If you did appeal, give the name of the court where the appeal was filed,

the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)

Connecticut Appellate Court

(9)   If you did not appeal, briefly explain why you did not: Non Applicable

(10)   If your appeal was decided by the Connecticut Appellate Court, did you file a petition for certification to appeal the decision to the Connecticut Supreme Court? Yes _x_ No ___

(11)   If you sought certification, give the citation and date of the court's decision or attach a copy of the decision. Also attach a copy of the petition for certification or list the issues for which certification was sought.

Please defer to the office of the public defender

c)   As to any THIRD petition, application or motion, give the following information:

(1)   Name of court: Rockville Superior Court

(2)   Docket number (if you know): CV-09-4003171-S

(3)   Nature of proceeding: Petition for Writ of Habeas Corpus

(4)   Grounds raised: (1) Denial of Notification, (2) Violation Denial of Due Process, (3) Abuse of Discretion, (4) Violation of the Enactment Clause Requirement, and (5) Denial of my Sixth and Fourteenth Amendment Rights Under the United States Constitution.

(5)    Did you receive an evidentiary hearing on your petition, application or motion? Yes _x_ No _X_

(6)    Result: <u>Denied</u>

(7)    Date of result (if you know): <u>January 18, 2011</u>

(8)    Did you appeal the result to the highest state court having jurisdiction? Yes _x_ No __

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)

<u>Connecticut Appellate Court, Denied AC32884, March</u>

<u>17, 2011</u>

(9)    If you did not appeal, briefly explain why you did not: ___<u>N/A</u>___

(10)   If your appeal was decided by the Connecticut Appellate Court, did you file a petition for certification to appeal the decision to the Connecticut Supreme Court? Yes _x_ No ___

(11)   If you sought certification, give the citation and date of the court's decision or attach a copy of the decision.  Also attach a copy of the petition for certification or list the issues for which certification was sought.

<u>(1) Whether the Appellate Court Committed Error, (2)</u>

<u>Whether the Appellate Court Committed Error, (3)</u>

<u>Same as above, (4) same as above, (5) Same as above</u>

"Denial of Notification", "Contradictory Ruling", "Refusal to Recuse", "Failure to Rule on Motion for Articulation",

Rev. 9/23/08

## CLAIMS

19)   State concisely every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States.  Summarize briefly the **facts** supporting each claim.  If necessary, you may attach extra pages stating additional claims and supporting facts.  You should raise in this petition all claims for relief which relate to the conviction being challenged.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**Ground One:** _whether the appellate court committed error where it failed to consider the appellant's lack of prior notification in reaching it's decision, and it's effect upon both the sixth, and 14TH amendments._

(a)   Supporting Facts (Do not argue or cite law.  Just briefly state the facts that support your claim): _The Petitioner retained a constitutional Right to prior notification of the Connecticut General Statute in light of it's over-all omni-present state and the effect of it's enforcement through the power and force of the enactment clause, and the lack thereof, clearly deprived the Petitioner of the effectiveness of due process of law.....The ambiguity surrounding this omission clearly deprived the Petitioner of a fundamental Federal Right._

(b)   If you did not exhaust your state court remedies on Ground One, briefly explain why: _I believe that I have exhausted the state Remedies regarding this issue._

(c)   Direct Appeal of Ground One:

(1)   If you appealed from the judgment of conviction, did you raise this issue?   Yes _____   No _✓_

(2)   If you did **not** raise this issue in your direct appeal, briefly explain

Rev. 9/23/08

why: _I was unaware of this issue until after my_
_direct appeal was resolved._

(d)   Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ___✔___   No _____

(2) If your answer to Question (d)(1) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available: _Petition for writ of Habeas Corpus, Rockville superior_
_Court, Rockville conn, CV-09-4003171-S, January 18,_
_2011, Denied._

(3)    Did you receive a hearing on your motion or petition?
Yes _____   No __X__

(4)    Did you appeal from the denial of your motion or petition?
Yes __✔__   No _____

(5)    If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    Yes __✔__   No _____

(6)    If your answer to Question (d)(5) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available: _Conn. App Court, Hartford_
_Connecticut AC. 32884, MARCH 17, 2011, Denied_

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No," briefly explain why you did not raise this issue: _N/A_

(e)     Other Remedies: Describe any other procedures, such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _Appealed to the Connecticut Supreme Court_

_Hartford CT, PSC-11-0211, November 17, 2011, DENIED_

**Ground Two:** _whether the connecticut Appellate court committed error when it failed to rule in consistency with, State Y. Laracuente 205 conn. 515, 534 A2d, 862 (1987) and it's effect of the 6TH Amendment,_

(a)     Supporting Facts (Do not argue or cite law.  Just briefly state the facts that support your claim): _To say that the removal of the enactment clause from the face published law, is irrelevant, is to say that Artical (3) sec (1) of the connecticut constitution lacks force, and the failure on the Part of Defense counsel to address this issue in a capitol case demostrates a clear lack of competency on the Part of counsel, resulting in a loss of Due Process, under Article (1) section (8) of the connecticut constitution, and the 6TH and 14TH amendments of the U.S. constitution,_

(b)     If you did not exhaust your state court remedies on Ground Two, briefly explain why: _I believe that I have exhausted all available remedies regarding this issue,_

(c)     Direct Appeal of Ground Two:

        (1)     If you appealed from the judgment of conviction, did you raise this issue?     Yes _·_     No _✓_

        (2)     If you did **not** raise this issue in your direct appeal, briefly explain why: _was unaware at the time of trial to it's_

Rev. 9/23/08

_significance, regarding the case, Gen, State,_

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ___✓___   No _____

(2) If your answer to Question (d)(1) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available:

_Petition for writ of Habeas Corpus, Rockville Superior_

_Court, Rockville CT - CV-07-4003171-S, January 18,_

_2011 Denied._

(3)    Did you receive a hearing on your motion or petition?
Yes _____   No _X_

(4)    Did you appeal from the denial of your motion or petition?
Yes _✓_   No _____

(5)    If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    Yes _✓_   No _____

(6)    If your answer to Question (d)(5) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available: _Connecticut APPELLATE_

_Court, Hartford CT, AC-32884  MARCH 17, 2011_

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No," briefly explain why you did not raise this issue: _____ _N/A_

(e)    Other Remedies: Describe any other procedures, such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _petitioned for certification to the connecticut_ _Supreme Court, PSC-11-0211, NOVEMBER 17, 2011, motion_ _for reconsideration denied on February 3, 2012_

**Ground Three**: _whether the Habeas Court committed ERROR_ _when the Honorable Judge STANLEY T. FUGER JR, refused to_ _Recuse himself as the Presiding Judge, under DKT# CV-09-400-3171-S._

(a)    Supporting Facts (Do not argue or cite law. Just briefly state the facts that support your claim): _As the Presiding Judge in the original Habeas the_ _trial the court held a constitutional Responsibility to establish_ _the legitimacy of Statutory violations, and therefore_ _Should have been aware of the significance of the Enactment_ _Clause's omission from the General Statute Publications_ _Prior to trial and in failing to do so, the court maintained_ _an ambiguous authority to manipulate the circumstances_ _of the Instant Petition for writ of Habeas corpus._

(b)    If you did not exhaust your state court remedies on Ground Three, briefly explain why: _I believe that I have exhausted all_ _available State court Remedies._

(c)    Direct Appeal of Ground Three:

(1)    If you appealed from the judgment of conviction, did you raise this issue?    Yes _____    No _X_

(2)    If you did **not** raise this issue in your direct appeal, briefly explain why: _____

_was not aware until after trial_

Rev. 9/23/08

(d)     Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes _✓_     No _____

(2) If your answer to Question (d)(1) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available: _Petition for writ of Habeas corpus, Rockville_

_Superior court, Rockville CT, CV-08-4003171-S_

_January 18, 2011 Denied_

_____

_____

(3)     Did you receive a hearing on your motion or petition?
Yes _____   No _X_

(4)     Did you appeal from the denial of your motion or petition?
Yes _✓_   No _____

(5)     If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     Yes _✓_   No _____

(6)     If your answer to Question (d)(5) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available: _Connecticut Appellate_

_Court Hartford CT, AC.32884, MARCH 17, 2011,_

_Denied,_

_____

(7)     If your answer to Question (d)(4) or Question (d)(5) is "No," briefly explain why you did not raise this issue: _____N/A_____

_____

_____

(e)     Other Remedies: Describe any other procedures, such as habeas corpus,

14

administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _Connecticut State Supreme Court, Hartford_ _CT, PSC-11-0211, November 17, 2011, Motion for_ _Reconsideration denied on February 3, 2012_

**Ground Four:** _WHETHER THE APPELLATE COURT Committed ERROR_ _when it failed to consider the previously filed "Motion for_ _ARTICulation, Previously ignored by the Habeas Court"_

(a)     Supporting Facts (Do not argue or cite law. Just briefly state the facts that support your claim): _Pursuant to Conn. Prac. BK, sec. 66.5 (a)_ _the court had an obligation to respond to a motion of_ _Articulation correctly filed and the failure to address this_ _issue clearly deprived the Petitioner of Due Process under_ _ARTICLE (1) Section (8), of the connecticut constitution_ _and the sixth amendment to the united States constitution_ _as made applicable to the States by the Fourteenth Amendment._

(b)     If you did not exhaust your state court remedies on Ground Four, briefly explain why: _I believe that I have exhausted all_ _State court remedies, regarding this issue._

(c)     Direct Appeal of Ground Four:

(1)     If you appealed from the judgment of conviction, did you raise this issue?     Yes _____     No _X_

(2)     If you did **not** raise this issue in your direct appeal, briefly explain why: _I was not aware of it, until after_ _the trial_

(d)   Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes __✓__   No _____

(2) If your answer to Question (d)(1) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available: _Petition for writ of Habeas corpus, Rockville Superior_ _court, Rockville CT, CV-07-400-3171-5,  January 18, 2011,_ _Denied_ _____

(3)    Did you receive a hearing on your motion or petition?
Yes _____   No __✓__

(4)    Did you appeal from the denial of your motion or petition?
Yes __✓__   No _____

(5)    If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    Yes __✓__   No _____

(6)    If your answer to Question (d)(5) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available: _Connecticut Appellate_ _Court, A.C. 32884, MARCH 17, 2011, Denied,_ _____

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No," briefly explain why you did not raise this issue: _____N/A_____

(e)   Other Remedies: Describe any other procedures, such as habeas corpus,

administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *Requested certification to the Connecticut Supreme court, Hartford CT RSC-11-0211, November 17, 2011 Motion for Reconsideration denied on February 3, 2012*

20) Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ✓ No _____

If your answer is "No," state which grounds have not been so presented and briefly give your reason(s) for not presenting them: *N/A*

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and briefly state your reasons for not presenting them: *NONE*

_____

_____

## SUCCESSIVE APPLICATIONS

This court is required to dismiss any claim presented in a second or successive petition that the federal court of appeals has authorized to be filed unless the applicant shows that each claim satisfies the requirements of 28 U.S.C. § 2244, <u>as amended by</u> Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 106, 110 Stat. 1214 (Apr. 24, 1996).

21) Have you previously filed any type of petition, application or motion in a federal court regarding the conviction you challenge in this petition? Yes _____ No ✗

If "Yes," state the name and location of the court, the case number, the type of proceeding, the issue raised, the date of the court's decision, and the result for each petition, application or motion filed. Attach a copy of any court opinions or orders, if available: *N/A*

_____

22)   If the answer to Question 21 is "Yes" and you are raising a claim that you did not
      presented in a prior federal petition, application or motion, have you obtained an
      order from the United States Court of Appeals for the Second Circuit authorizing
      this district court to consider this petition?   Yes ___  No ___

      If "Yes," please attach a copy of the order.

23)   Do you have any petition or appeal **now pending** (filed and not decided yet) in
      any court, either state or federal, for the judgment you are challenging?
      Yes _____  No _X___

      If "Yes," state the name and location of the court, the case number, the type of
      proceeding and the issues raised: _____ N/A _____

## LEGAL REPRESENTATION

24)   Give the name and address, if known, of each attorney who represented you in
      the following stages of the judgment you are challenging:

      (a) At preliminary hearing _Public defender office_____

      (b) At arraignment and plea _David Abdamonte____
                                   _Special public defender,_____

(c) At trial _____ *SAME* _____

_____

(d) At sentencing _____ *SAME* _____

_____

(e) On appeal _____ *KAREN Goodrow* _____

_____ *Supervisory Assistant Public Defender* _____

(f) In any post-conviction proceeding _____ *Roseann County Special* _____

_____ *Assistant, Public Defender* _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____ *Public Defenders office,* _____

25) Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes __✓__ No _____

26) Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes _____ No __X__

   (a)  If "Yes," give the name and location of the court that imposed the other sentence you will serve in the future: _____ *N/A* _____

   _____

   (b)  Give the date the other sentence was imposed: _____ *N/A* _____

   (c)  Give the length of the other sentence: _____ *N/A* _____

   (d)  Have your filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes _____ No _____

## TIMELINESS OF PETITION

27) If the judgment of conviction you are challenging in this petition became final over one year ago, you must explain why the one-year statute of limitations as codified in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as codified in 28 U.S.C. § 2244(d), provides in part that:

THE claims identified in this Petition refer to the
timely filing of a State Petition for writ of Habeas
Corpus DKT# CV-08-400-3171-S, and are therefore not
time Barred by any statutory delineation.

28)   Are you presently serving a sentence imposed for a conviction other than the conviction being challenged in this motion?   Yes ___   No X

29)   List all other habeas corpus petitions you have filed in this court even if the petition does not challenge the conviction that is the subject of this action:

(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cased on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the court grant him such relief to which he may be entitled in this proceeding.

_William Smith_

**Petitioner's Original Signature**

_Pro SE_

Signature of Attorney (if any)

_William Smith_

Petitioner's Inmate Number

_143.363_

_Pro SE_

Attorney's Full Address and
Telephone Number

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the petitioner in this action, that he/she has read this petition and that the information contained in the petition is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _OS.BORN_   on _3/27/2012_
          (Location)       (Date)

_William Smith_

**Petitioner's Original Signature**

# SUPREME COURT

# STATE OF CONNECTICUT

NO. A.C. 32884

**WILLIAM SMITH**

    **v.**

**COMMISSIONER OF CORRECTION**   : **FEBRUARY 3, 2012**

## O R D E R

THE MOTION OF THE PETITIONER, FILED DECEMBER 20, 2011, FOR EN BANC RECONSIDERATION OF THE ORDER DENYING THE PETITION FOR CERTIFICATION, HAVING BEEN PRESENTED TO THE COURT, IT IS HEREBY **O R D E R E D DENIED.**

BY THE COURT,

MICHELE T. ANGERS
CHIEF CLERK

NOTICE SENT:  FEBRUARY 3, 2012
HON. STANLEY T. FUGER, JR.
CLERK, ROCKVILLE SUPERIOR COURT AT SOMERS, (CV09-4003171S)
WILLIAM SMITH #143363, SELF-REPRESENTED PARTY
FAIRFIELD POST CONVICTION REMEDY UNIT
REPORTER OF JUDICIAL DECISIONS
ct

110358

## STATE OF CONNECTICUT

DOCKET NUMBER: CV09-4003171 S    |    SUPERIOR COURT

SMITH, WILLIAM #143363      |    JUDICIAL DISTRICT OF TOLLAND
                                    |    AT SOMERS

V.                                           |
                                          |    DATE:  AUGUST 2, 2010

WARDEN                         |

### JUDGMENT

Upon the granting of the Respondent's motion for summary judgment, judgment shall enter for the Respondent denying the petition for writ of habeas corpus.

RCvD.
8-5-10

By the Court

_S. T. Fuger_
Fuger, J.

A-3

# APPELLATE COURT

# STATE OF CONNECTICUT

AC 32884

WILLIAM SMITH

    V.

COMMISSIONER OF CORRECTION

JULY 20, 2011

# O R D E R

THE MOTION OF THE PETITIONER-APPELLANT, FILED MAY 10, 2011, FOR RECONSIDERATION EN BANC HAVING BEEN PRESENTED TO THE COURT, IT IS HEREBY **O R D E R E D** DENIED.

BY THE COURT,

*Susan Reeve A/c for*

PAUL S. HARTAN
DEPUTY CHIEF CLERK

NOTICE SENT:   JULY 21, 2011
WILLIAM SMITH, SELF-REPRESENTED PARTY
FAIRFILED POST CONVICTION REMEDY UNIT
HON. STANLEY T. FUGER
CLERK, SUPERIOR COURT, TOLLAND @ SOMERS
CV09 4003171S

er                                                    1201/3310

A1

DOCKET NUMBER: CV09-4003171          :       SUPERIOR COURT

WILLIAM SMITH (INMATE #235944)       :       JUDICIAL DISTRICT OF
                                             TOLLAND AT SOMERS
V.                  Rufus Spearman    :

WARDEN                               :       DATE: JANUARY 18, 2011

## MEMORANDUM OF DECISION

The petitioner has filed a notice, in accordance with Practice Book § 64-1 (b), indicating

that this court has not filed a memorandum of decision. See Practice Book § 64-1 (a). The

following constitutes the court's memorandum of decision.

The respondent's motion for summary judgment was granted on August 2, 2010, on the

grounds asserted in the respondent's memorandum in support of the motion for summary

judgment. The habeas corpus petition presented a purely legal determination, as there were no

facts reasonably in dispute. Neither party requested oral argument in accordance with Practice

Book § 11-18 (a).

The court notes as a postscript that on September 21, 2010, the Appellate Court released

its decision in *Figueroa v. Commissioner of Correction*, 123 Conn. App. 862, 3 A.3d 202 (2010),

which addressed the identical claim the petitioner raised in the instant petition (i.e., due process

violation premised on lack of enabling language in public act). *Figueroa* both encapsulates and

underscores this court's grounds for granting summary judgment.

(S. T. Fuger, Jr., J.)

Tyrone G. Biniarz, Court Officer

Copies mailed to :

William Smith
SASA Eiseaman
Reporter of Judicial Decisions

A-2