UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SMITH                          :
                                       :                PRISONER
        v.                             :        Case No. 3:12cv529(JBA)
                                       :
CAROL CHAPDELAIN                       :


RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner William Smith, an inmate confined at the Osborn Correctional Institution in Somers, Connecticut, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000).  On May 22, 2012, the court ordered the petitioner to show why the petition should not be dismissed as time-barred.

In response, the petitioner states that he only recently conducted a study of state statutory history and concluded that the statute under which he was convicted was not constitutionally valid at the time of his conviction.  Doc. #9 at 10.  The petitioner characterizes this discovery as newly discovered evidence and argues that the limitations period should be tolled. The petitioner also argues that, as he first raised this issue in his 2009 state habeas petition, any limitations period should not commence until the final disposition date of that state habeas action.

The one year limitations period, set forth in 28 U.S.C. § 2244(d)(1), commences when the petitioner's conviction becomes final.  That date is defined as the completion of the direct

appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending. *See* 28 U.S.C. § 2244; *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.), *cert. denied*, 534 U.S. 924 (2001). Where, as here, the conviction became final before April 24, 1996, the enactment date of the statute imposing the limitations period, the petitioner is afforded one year from the enactment date to file his federal petition. *See Ross v. Artuz*, 150 F.3d 97, 102-03 (2d Cir. 1998). Thus, the limitations period in this case commenced on April 24, 1996, and concluded on April 24, 1997, not when the petitioner finished addressing his claim in the state courts.

As the court explained in the prior order, none of the petitioner's state habeas actions were pending during the limitations period. Thus, the only way the petitioner can show that his petition is timely filed is if he can show that the limitations period should be equitably tolled for nearly all of the intervening fifteen years.

Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires the petitioner to show that he has been pursuing his rights diligently but extraordinary circumstances prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir.), *cert. denied sub nom. Diaz v.*

2

*Conway*, 129 S. Ct. 168 (2008).  The threshold for the petitioner to establish equitable tolling is very high.  *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold for establishing equitable tolling), *cert. denied*, 531 U.S. 840 (2000).  The court must determine whether "the petitioner act[ed] as diligently as reasonably could have been expected *under the circumstances.*"  *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original).  The petitioner must have acted with reasonable diligence throughout the entire period he seeks to toll, that is, during the period after the extraordinary circumstances began.  *See id.* at 150.

The plaintiff argues that his new-found knowledge of "a statutory requirement regarding an enactment clause" and "its constitutional requirement under Art. III, Sec. (1) of the Connecticut Constitution" are newly discovered evidence that warrant equitable tolling.  Article Third, section 1 of the Connecticut Constitution describes the two houses of the state legislature and states:  "The style of their laws shall be: Be it enacted by the Senate and House of Representatives in General Assembly convened."  This provision has been included in the same article and section of the constitutions of 1818 and 1955 as well as in the current 1965 constitution.  Since this language has been in the state constitution for nearly two hundred years, it is not new evidence.  The petitioner identifies no interference

3

with his ability to learn of the provision.  His recent awareness of the language does not constitute cause to toll the limitations period.  Further, to the extent that the petitioner is arguing that the State's Attorney had an obligation to inform him of this provision, the court is aware of no requirement that the State's Attorney inform the petitioner of this long-standing state constitutional provision.  Thus, the court concludes that the petition is time-barred.[1]

The petition for writ of habeas corpus [**Doc. #1**] is **DISMISSED** as time-barred.  Because reasonable jurists would not find it debatable that the petition is untimely filed, a certificate of appealability will not issue.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 28th day of June 2012, at New Haven, Connecticut.

/s/
Janet Bond Arterton
United States District Judge

---

[1]The court notes further that the claims presented here, a challenge to the absence of language required under the state constitution in published versions, as opposed to the enacted version, of state statutes, is an issue of state law and not a claim cognizable in a federal habeas corpus action.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (holding that a claim that state conviction was obtained in violation of state law not cognizable in federal court).